UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 1 7 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JAIME LUEVANO,                     )
                                   )
          Plaintiff,               )
                                   )          Civil Action No.  1:19-cv-00550 (UNA)
     v.                            )
                                   )
DONALD TRUMP, *et al.*,            )
                                   )
          Defendants.              )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, styled as a "motion for emergency telephone hearings," ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant plaintiff's application to proceed IFP and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, an Texas state inmate, has filed a "motion for emergency telephone hearings" as a complaint. The form of the pleading fails to comply, on its face, with Fed. R. Civ. P. 8(a) and D.C. LCvR 5.1. Furthermore, the pleading is mostly incomprehensible and fails to make out any cognizable claim. Plaintiff seemingly insinuates that he was been requesting a pardon from Donald Trump for the past two years, and as a result, he is "under a hack by an 'Oliver Eduardo' etc." He alleges that he is in fear of being forced to confess to a crime "using teleport (telepath)" and that "computers come into [his] cell, etc. . . . also to tamper with [his] body." It is unclear what relief, if any, plaintiff seeks. It is also unclear who, other than the President, plaintiff intends to sue, given that the caption lists "Donald Trump, etc." as defendants, with no further information.

The ambiguous and rambling allegations comprising plaintiff's pleading fail to provide adequate notice of a claim. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this Court's jurisdiction or venue, or a valid basis for an award of damages. In fact, it is unclear what actual damages, if any, plaintiff has suffered. Therefore, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: April /16, 2019
United States District Judge